**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert J. L'HOSTE, R. J. L'Hoste & Company, Inc., Clarence Eugene Rogers and Marvin Cochran, Defendants-Appellants.**

**In re UNITED STATES of America, Petitioner.**

**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Robert J. L'HOSTE and R. J. L'Hoste & Company, Inc., Defendants-Appellees.**

**Nos. 78–5593, 79–1606 and 78–3457.**

United States Court of Appeals,
Fifth Circuit.

April 8, 1980.

Julian R. Murray, Jr., for R. L'Hoste & R. J. L'Hoste Co.

Henry E. Braden, IV, Michael H. Ellis, New Orleans, La., for Rogers & Cochran.

John P. Volz, U. S. Atty., Robert J. Boitmann, Asst. U. S. Atty., Chief, Appellate Section, Richard T. Simmons, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion January 10, 1980, 5 Cir.,
1980, 609 F.2d 796).

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD,* District Judge.

* District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

The petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Petition for Rehearing En Banc is also DENIED.[1]

Before COLEMAN, Chief Judge, BROWN, AINSWORTH, GODBOLD, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, JR., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON and THOMAS A. CLARK, Circuit Judges.

TATE, Circuit Judge, with whom RUBIN, KRAVITCH and POLITZ, Circuit Judges, join, dissenting from the Denial of a Rehearing for En Banc Consideration.

The panel decision decided, in this case of first impression, that upon conviction for "racketeering," 18 U.S.C. § 1962(c), the district court is without the same discretion to suspend or condition the forfeiture penalty provided for such conviction that it has with regard to the imprisonment (not more than twenty years) or fine (not more than $25,000) penalties likewise statutorily provided for the crime. 18 U.S.C. § 1963(a). The district court held to the contrary, correctly in my present view. In view of the importance of the holding and the extraordinarily harsh and unusual nature of the forfeiture penalty, the issue merits en banc consideration. Therefore, I respectfully dissent from our denial of the defendants' application for rehearing en banc.

Before I discuss the statutory provisions in particular, it is appropriate to note, in the context of American history, the unusual nature of the present forfeiture provi-

1. Judge Charles Clark did not participate in the consideration of the Petition for Rehearing En Banc.

sion. It hearkens back to pre-Revolutionary English law, when by forfeiture those who fell into Crown disfavor were subject to not only execution, imprisonment, or fine, but also to loss of their entire estate, whether inherited or however acquired. As this court stated in *United States v. Rubin*, 559 F.2d 975, 991 n.15 (5th Cir. 1977):

> Unlike *in rem* forfeiture proceedings against contraband or articles put to unlawful use, § 1963 operates against the person of the defendant and includes within the punishment for his crime forfeiture of a portion of his estate. Such a provision, while known to the common law of England and the colonies, is foreign to the federal criminal law. The 91st Congress recognized that, in passing § 1963, it was partially repealing a statute passed by the First Congress, which in its present form provides that: "No conviction or judgment shall work corruption of blood or forfeiture of estate." 18 U.S.C. § 3563. *See United States v. Mandel*, 408 F.Supp. 679 (D.Md.1976); S.Rep. 91–617, 91st Cong., 1st Sess. 79–80 (1969), (hereinafter S.Rep.); 116 Cong.Rec. 35205, 35208 (remarks of Rep. Mirka, Rep. Ryan).

> *See generally* Taylor, *Forfeiture under 18 U.S.C. § 1963—RICO'S Most Powerful Weapon*, 17 Am.Crim.L.Rev. 379 (1980).

Having this in mind, and also the principle that criminal laws and penalties are to be strictly construed, I am unable to agree with the persuasively-reasoned majority opinion that a section 1963 forfeiture, a most harsh and unusual penalty, was legislatively intended to be mandatory upon conviction. In the absence of stronger indication of Congressional intent to the contrary,

the preferable construction of section 1963 is not to deprive the district court of any discretion whatsoever with regard to imposition of this penalty, in conformity with the usual statutory discretion accorded it with regard to the imprisonment and fine penalties provided by the same statute.

18 U.S.C. § 1963(a) provides:

> Whoever violates any provision of section 1962 of this chapter *shall* be fined not more than $25,000 or imprisoned not more than twenty years, or both, and *shall* forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962. (Italics added).

On its face, this section of the statute seems to mandate at least some fine or imprisonment (within statutory limits), as well as mandating forfeiture, with no suspension permitted for the sentence thus mandated. However, as the panel notes, the district court is empowered to suspend any imprisonment or fine imposed by virtue of 18 U.S.C. § 3651.[1] In terms, this enactment permits the suspension only of jail sentence, but it has been judicially interpreted to allow the suspension also of fines. Because the statute is silent as to forfeitures, however, the panel infers that a sentencing court is without authority to suspend this feature of a sentence, even though the suspension provision is equally silent as to suspension of a fine. I would not read into section 1963 any legislative

---

1. 18 U.S.C. § 3651 provides in part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public 'as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

intent to limit the usual power of the trial court, "when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby," to "suspend the imposition or execution of sentence." 18 U.S.C. § 3651.

In the light of the usual discretion of the sentencing judge in the imposition of any sentence, I would not infer any Congressional intent, unless much more clearly stated, to deprive the judge of discretion in the imposition of the forfeiture penalty. In virtually all criminal penalties provided in Title 18, the word "shall" in the penalty provision is used in pro forma drafting style —"*shall* be fined . . . or imprisoned" is the terminology in virtually all the statutory sentence provisions. The circumstance that this sentencing formula word "shall" is used with regard to the forfeiture provision of the present statute does not, it seems to me, by itself indicate any Congressional intent to deny sentencing discretion to the trial court with regard to forfeiture, any more than it does with regard to imprisonment or fine.

I am re-enforced in this view (a) by a particular provision in the racketeering statute, 18 U.S.C. §§ 1961 *et seq.*, as well as (b) by the sweep of the statutory crime so broadly defined as, without judicial supervision, to raise the spectre of selective enforcement of the federal crime, in order to secure forfeitures for what in essence are local state crimes, by members of the executive branch less well-intentioned than those who brought the present prosecution. I cannot at the present believe it was the intention of Congress to leave to a prosecutor alone the determination to achieve forfeiture of an accused's property by prosecuting him under the federal racketeering statute for what, as statutorily defined with regard to the present case, represents only two or more violations of local bribery statutes or of somewhat esoterically applied federal crimes, themselves punishable by imprisonment or fine, but not by forfeiture.

First, having regard to the unusual nature of the forfeiture penalty and to the strict construction required of penal statutes, I believe, as did the trial judge, that 18 U.S.C. § 1963 itself evidences an intention to afford the sentencing judge his usual sentencing discretion with regard to forfeitures. Subsection (c) provides: "Upon conviction of a person under this section, the court shall authorize the Attorney General to seize all property or other interest *declared forfeited* under this section *upon such terms and conditions as the court shall deem proper.*" (Italics added.) Despite the panel's persuasive reasoning to the contrary, I, like the trial judge, feel that this statutory language allows the · sentencing judge discretion to provide the terms and conditions of forfeiture within the broad discretion thereby statutorily indicated.

Second, with regard to the "racketeering" crime denounced by 18 U.S.C. §§ 1961 *et seq.*, we ourselves noted in *United States v. Rubin*, 559 F.2d at 991:

> Besides the unprecedented nature of the forfeiture sanction, the uncertain reach of "patterns of racketeering activity"—the gravamen of a § 1962 offense—requires interpretive caution in this area. . . . While addressed to organized crime, the Act is not limited in application to members of that undertaking.

In the present case, the defendants were convicted of a violation of 18 U.S.C. § 1962(c), as being employees of or persons associated with an enterprise affecting interstate commerce who directly or indirectly participated in the conduct of the enterprise's affairs "through a pattern of racketeering activity." In 18 U.S.C. § 1961(5), a "pattern of racketeering activity" is defined as "at least two acts of racketeering activity." With regard to the conduct of the present defendants, "racketeering activity" is statutorily defined, 18 U.S.C. § 1961(1), as (A) "any act . . . involving . . . bribery . . ., which is chargeable under State law and punishable by imprisonment for more than one year" and (B) "any act which is indictable under any of the following provisions of Title 18, United States Code:" mail fraud, 18 U.S.C. § 1341; interstate travel and the use of interstate instrumentalities with intent to commit bribery under state law, 18 U.S.C. § 1952.

The context facts show that, accepting the jury finding, R. J. L'Hoste & Company, Inc., and the defendants, its employees and officers, corruptly influenced a local governmental unit to give them no-bid "emergency work" contracts and corruptly performed these contracts. The local bribery in violation of state law, and the routine business use of the mails and of interstate travel in performing the work (and affording a Las Vegas trip to a corrupted official), apparently brings within the literal sweep of the federal racketeering statute conduct which many might regard as exemplifying garden variety local political corruption rather than federally cognizable interstate racketeering.

It is well to note, at this time, that no matter how isolated and minor two "racketeering" incidents might be in the context of the entire business conducted by the enterprise, the federal statute literally construed is violated, and the defendant's entire interest in the enterprise is subject to forfeiture under the statute. I emphasize this, because it is not readily conceivable to me that the Congress intended automatic forfeiture of an entire ownership in a business enterprise, however and whenever acquired (whether by inheritance or by legitimate business operations), irrespective of the magnitude of the "racketeering" conduct involved.[2]

For all we know, the overwhelming bulk of the business of the present contracting corporation was entirely legitimate in nature, and the corrupt contracts only a miniscule portion of it. Yet, according to the panel holding—and even if, instead of the extended conduct here shown, only two minor incidents of bribery have been shown over ten years—and no matter how minor and incidental may have been the accused's personal participation in the bribery of public officials by his employees—, the defendant L'Hoste's entire interest in the corporation is forfeited upon conviction of this crime. Private ownership of property is too fundamental a value of our political and economic philosophy for me to believe that Congress ever intended that a lifetime's legitimate earnings or an inherited estate invested in a legitimate business enterprise should, to the prejudice of wife and child as well as the accused,[3] be automatically forfeited upon a conviction resulting from a federal prosecutor's decision to prosecute local bribery under the federal racketeering statute, or to utilize it instead of the (rather esoterically applied) mail-fraud statute as a basis for federal prosecution.

I must therefore respectfully dissent, with respect to whether forfeiture is mandatory upon conviction, from the denial of the defendant's application for an en banc rehearing.

---

2. Nor do I at this time consider the possibility that forfeiture, unevenly and disproportionately applied if mandated as automatically applicable, raises Eighth Amendment issues.

3. As the trial court noted, the community property system of Louisiana vested in the wife an interest in property acquired during the marriage. Likewise, Louisiana's forced heirship provisions regard the property of an individual, although fully subject to his administration, as property which must descend to his children; it is, in a sense, the property of the family rather than of the individual himself.